Curia, per

Evans, J.
The object of pleading is not to embarrass and encumber a case with a multiplicity of pleading on immaterial points, but to strip the case of undisputed facts, to ascertain wherein the parties differ, and what is in dispute between them. To decide the question made in this case, it is necessary to refer to the pleadings themselves. The first countin the declaration sets forth a covenant by the defendant to pay the plaintiff, at the rate of five hundred dollars a year, from the date of the covenant to a particular time, for the plaintiff’s services as a clerk or attendant on the defendant, as master of the Work House. It alleges a general performance, and assigns, as a breach, that there was due him for his salary, at the end of the term, two hundred and fifty dollars twenty-five cents, which the defendant refused to pay. The second count seis out the same covenant, and avers performance up to a particular time, and that he was ready and offered to perform during the remainder, but that he was dismissed and ejected by the defendant. To this declaration the defendant filed eight pleas. On the first, sixth, seventh and eight, there are issues of law or fact, and on these it is unnecessary to make any observations. The other four, as stated by the report, were ordered to be struck out by the court. The second plea alleges that the defendant did pay the plaintiff’s salary “ so long as the said James Wolfe served and acted as clerk or attendant of the said James 0. Norris.” The third is like the second, with this variation, that the salary was paid “ so long as the said plaintiff faithfully and diligently served the defendant as clerk,” <fec. These two pleas conclude to the country. The fourth plea is a transcript of the second, and the fifth of the third, and conclude with verification. There can be no doubt that two of these pleas are bad, for the same plea cannot conclude indifferently to the country, or with a verification. If the plea deny the whole allegation of the declaration, it should conclude to the country, and there is an issue of fact; but if the plea confess and avoid, by stating some new matter, *328 then it must conclude with a verification, to give the plaintiff an opportunity to admit, deny or avoid such new matter. The same facts, stated in different pleas, cannot have different conclusions; they cannot be a direct denial and a confession and avoidance of the cause of action stated in the declaration. But it is another rule of pleading, that the plea must be an answer to the whole declaration ; if it be to any particular count, it must be so stated. None of these four pleas are an answer to the plaintiff's declaration. They neither deny nor admit and avoid the general performance averred in the first count nor the partial performance and excuse alleged in the second count, but set out a matter foreign to both, viz : that he paid the salary so long as the plaintiff served him. This may be true, and yet the plaintiff may be entitled to recover for the whole time, although he served only a part, if he was willing and ready, and offered to perform, and the defendant, without cause, dismissed and ejected him from his service. The whole of these four pleas, therefore, are bad. They are no answer to the declaration, and if followed up to an issue, would present an immaterial one. The only remaining question is, whether these pleas were properly ordered to be struck from the record, or whether the plaintiff should not have been required to demur to them. By the 5th rule of court, “ if any frivolous or deceitful plea shall be filed, the adverse party shall not be obliged to demur to the same, but such plea shall, on motion, be rejected by the court.” What pleas come under this description, it is very difficult to define with any precision. Cases illustrate principles, and convey a clearer idea to the mind, than definitions.- In Winn vs. Waring, 3 Bre. R. 428, it is said that pleas, to be rejected under this rule, “must be such as are unimportant, a nonsensical trifling with the dignity of the court and the majesty of the law, such pleas on w7hich no serious question of fact or law can arise.” The object of the rule of court was, no doubt, to disencumber the case from all irrelevant, immaterial and impertinent pleading, which, when decided, would leave the matter in dispute between the parties .still open and undecided. In rejecting these pleas, it is not intended to say they are nonsensical, or to apply the terms of the rule of court to them” in *329 any offensive sense. The real defence of the defendant is contained in the other four pleas. Those which were rejected were no answer to the declaration ; whether the fact stated was true or not, was immaterial; they presented a sham, or not a real defence; and it is the opinion of this court, that the motion to reverse the decision of the circuit court should be dismissed.
Richardson, O’Neall, Butler, Wardlaw, and Frost, JJ. concurred.